| | | |
|---|---|---|
| **DISTRICT COURT, COUNTY OF PUEBLO STATE OF COLORADO** <br> **Court Address:** 501 N. Elizabeth Street <br> Pueblo, CO 81003 <br> 719-583-7000 <br><br> **PLAINTIFF:**    **MELISSA GREEN** <br><br> v. <br><br> **DEFENDANT: ESSENTIA INSURANCE COMPANY** | | DATE FILED: July 24, 2023 1:51 PM <br> FILING ID: D8BB7114AAF16 <br> CASE NUMBER: 2023CV30387 <br><br><br><br><br><br> ▲    COURT USE ONLY    ▲ |
| Firm: <br> Attorney: <br> Attorney: <br> Address: <br><br> Phone: <br> Facsimile: <br> E-mail: | BRYLAK & ASSOCIATES, LLC <br> **S. Ryan Greenwood, No. 56028** <br> **Jason Landress, No. 40956** <br> 2 N. Cascade Ave., Suite 1120 <br> Colorado Springs, CO 80903 <br> (719) 224-4444 <br> (210) 558-4804 <br> rgreenwood@brylaklaw.com <br> jlandress@brylaklaw.com | **Case Number: 23-CV-** <br><br><br> **Division:** |
| **COMPLAINT** | | |

Plaintiff, **MELISSA GREEN** ("Plaintiff Green"), by and through her attorneys, Brylak & Associates, LLC, for her Complaint against Defendant **ESSENTIA INSURANCE COMPANY** (" Defendant Essentia"), states and alleges as follows:

### INTRODUCTION

1. Plaintiff Green is compelled to file this Complaint as a result of Defendant Essentia's breach of its insurance contract wherein it agreed to provide Underinsured motorist bodily injury ("UIM") benefits in a reasonable amount and in a timely manner when necessary.

2. Plaintiff Green seeks UIM benefits that Defendant Essentia contractually agreed to pay if Plaintiff Green were injured by the negligence of an uninsured driver. However, upon making her claim for benefits when said contingency occurred, Defendant Essentia delayed and denied benefit in response to her claim.

3. Accordingly, Plaintiff seeks recovery from Defendant Essentia under common law bad faith, statutory bad faithbreach of contract, and moratory interest (as specifically set forth below).

## PARTIES, JURISDICTION, AND VENUE

4. At all times relevant to this lawsuit Plaintiff Green resided in Pueblo County, Colorado.

5. Defendant Essentia is a Missouri corporation licensed to do business in Colorado.

6. Defendant Essentia underwrites automobile insurance policies for its subsidiary Hagerty Insurance Agency.

7. Defendant Essentia's principal place of business is 4521 Highwoods Parkway, Glen Allen, VA 23060.

8. At all times relevant hereto, Defendant Essentia conducted business in the state of Colorado, with its Registered Agent listed as Corporation Company, located at 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112.

9. Pursuant to C.R.S. §13-1-124(1)(a), the Court has personal jurisdiction over Defendant Essentia because it transacts business in the State of Colorado.

10. Pursuant to C.R.S. §13-1-124(1)(c), this Court has personal jurisdiction over Defendant Essentia because it owns, uses, or possesses real property situated in the State of Colorado.

11. Pursuant to C.R.C.P. 98 (c)(1), venue is proper in the Pueblo County District Court, State of Colorado, because Plaintiff Green is a resident of Pueblo County, the Crash occurred in Pueblo County, and Pueblo County is the county designated in this Complaint.

## FACTUAL ALLEGATIONS

12. This matter arises from a motor vehicle collision that occurred between Plaintiff Green and Chandler Akers ("Underinsured") on October 18, 2020, at the intersection of Jerry Murphy Road and Cesar Chavez Boulevard in Pueblo, Colorado ("Crash").

13. Plaintiff Green lives at 1340 Horseshoe Drive, Pueblo, CO 81001.

14. At the time of the Crash, Plaintiff Green was the owner and operator of her 2004 Jeep Grand Cherokee.

15. At the time of the Crash, the Underinsured was the operator of a 2009 Toyota Avalon.

16. Immediately prior to the Crash, the Underinsured was traveling north on Jerry Murphy Rd. attempting to make a left-hand turn to proceed west onto Highway 47, a.k.a. Cesar Chavez Blvd., subject to a traffic signal labeled "Notice, Left Turn Yield on Flashing."

17. Immediately prior to the Crash, Plaintiff Green was traveling south bound on Jerry Murphy Rd. through a green light passing Highway 47, a.k.a. Cesar Chavez Blvd.

18. The Crash occurred when the Underinsured turned left in his Toyota Avalon directly in front of Plaintiff Green's vehicle.

19. Plaintiff Green was left with insufficient time to respond to the Underinsured's negligence and Plaintiff Green t-boned the Underinsured's Toyota Avalon.

20. The Underinsured's failure to observe the traffic signs and failure to yield the right of way to Plaintiff Green caused the crash.

21. The Crash caused severe damage to both vehicles.

22. The Crash caused Plaintiff Green's vehicle to roll onto its roof.

23. Officer Adam Quintana of the Pueblo Police Department investigated the Crash.

24. The Pueblo Police determined the Underinsured was the sole cause of the Crash.

25. The Pueblo Police cited Underinsured with failure to yield the right of way when making a left-hand turn.

26. At the time of the Crash, Underinsured owed a duty to all other drivers on the roadway, including without limitation, Plaintiff Green, to use reasonable care in the operation of his vehicle.

27. Said duty included without limitation a duty to obey the traffic signs.

28. C.R.S. §42-4-1402 barred Underinsured from driving his vehicle in a careless and imprudent manner, without due regard for the traffic, traffic signs, and use of the streets and highways and all other attendant circumstances.

29. One of the purposes of C.R.S. §42-4-1402 was to protect against the type of injuries and losses Plaintiff Green sustained as a result of the Crash.

30. Plaintiff Green was a member of the group of persons C.R.S. §42-4-1402 was intended to protect.

31. By breaching said duty, Underinsured acted negligently.

32. By violating said statute, Underinsured acted negligently *per se*.

33. The Crash was the direct and reasonably foreseeable result of Underinsured's negligence and negligence *per se* for not being attentive to the traffic signs.

34. Plaintiff Green did nothing to cause or contribute to the above referenced crash.

35. As a direct and reasonably foreseeable result of the Crash, Plaintiff Green suffered injuries, damages, and losses (collectively "Injuries").

36. Plaintiff Green's injuries and resulting symptoms included without limitation concussion, headache, neck pain, confusion, nausea, mid back pain radiating to her left shoulder, lethargy, dizziness, vertigo, poor balance, cognitive deficits, vision, auditory abnormalities, and driving anxiety, amongst others.

37. As a direct and reasonably foreseeable result of the Injuries, Plaintiff Green has sustained and will continue to sustain economic damages, including additional medical expenses.

38. As a direct and reasonably foreseeable result of the Injuries, Plaintiff Green has sustained and will probably continue to sustain noneconomic damages.

39. As a direct and reasonably foreseeable result of the Injuries, Plaintiff Green has developed physical impairment.

40. As a direct and reasonably foreseeable result of the Injuries, Plaintiff Green has loss of enjoyment of life.

41. Plaintiff Green's date of birth is November 24, 1982.

42. At the time of the Crash, Plaintiff Green was 37 years in age, and pursuant to C.R.S. §13-25-102, had a life expectancy of 41.3 additional years.

43. Plaintiff Green is legally entitled to recover from Underinsured the entirety of her economic damages, noneconomic damages, damages for physical impairment and disfigurement, and interest costs (collectively, "Damages").

44. At the time of the Crash, Underinsured maintained an automobile insurance policy through American Family Insurance (the "BI Policy").

45. American Family Insurance provided coverage for bodily injury liability up to a limit of $50,000 per person.

46. The Underinsured has no other applicable insurance coverage.

47. Plaintiff Green's Damages exceeded the BI Policy limits.

48. At the time of the Crash, Plaintiff Green was insured by both Farmers Insurance under an automobile policy which included coverage for bodily injuries caused by Underinsured motorists ("Farmers' UIM Policy") and by Essentia under an automobile policy which included coverage for bodily injuries caused by Underinsured motorists ("Essentia's UIM Policy").

49. Farmers UIM Policy provided coverage for any portion of Plaintiff Green's Damages exceeding the BI Policy's limits of coverage, up to a limit of funds to be paid by Farmers of $50,000 per person.

50. Essentia's UIM Policy provided coverage for any portion of Plaintiff Green's Damages exceeding the BI Policy's limits of coverage, up to a limit of funds to be paid by Essentia of $50,000 per person.

51. On May 18, 2022, liability insurance carrier American Family offered its $50,000 policy limits to Plaintiff Green.

52. On May 18, 2022, Plaintiff Green requested permission from Farmers Insurance to accept the BI Policy limits settlement offer.

53. On May 18, 2022, UIM carrier Farmers Insurance provided authority to Plaintiff Green to accept the BI Policy limits.

54. On June 23, 2022, Plaintiff Green requested UIM carrier Defendant Essentia to provide an evaluation of her bodily injury claims under her Essentia UIM Policy.

55. On July 7, 2022, Defendant Essentia responded to their insured Plaintiff Green's request for evaluation via fax stating, in short, they will not evaluate her claim due to pending litigation.

56. On July 12, 2022, Underinsured motorist carrier Farmers Insurance offered its $50,000 policy limits to Plaintiff Green.

57. On July 18, 2022, Plaintiff Green requested permission of Defendant Essentia to accept the BI Policy limits settlement offer.

58. On July 22, 2022, Defendant Essentia stated they are unable to respond to their insured's request.

59. Defendant Essentia refused to provide a statement whether Plaintiff Green is permitted to accept or reject the BI Policy limits offer.

60. Plaintiff Green's Damages exceeded the BI Policy limits, Farmer's UIM Policy limits, and Essentia's Policy limits.

61. Upon information and belief, Defendant Essentia relies upon a regular-use-exception found in the Essentia UIM Policy as a basis for their denial to provide an evaluation.

62. Defendant Essentia's reliance upon a regular-use-exception in the UIM Policy is unreasonable because it is not valid within the state of Colorado.[1]

63. On July 22, 2022, Plaintiff Green again requested permission of Defendant Essentia to accept the BI Policy limits settlement offer and permission to accept the Famer's UIM Policy limits.

64. On July 27, 2022, Defendant Essentia responded via email stating "We are unable to determine that at this time."

65. On August 12, 2022, Plaintiff Green again requested permission of Defendant Essentia to accept the BI Policy limits settlement offer and permission to accept the Famer's UIM Policy limits.

66. On August 18, 2022, Defendant Essentia responded in a letter that they are unable to respond to the Underinsured motorist bodily injury waiver regarding Plaintiff Green.

67. On August 29, 2022, Plaintiff Green sought clarification between the denial of a waiver and her requested permission to accept the BI Policy limits settlement offer and permission to accept the Famer's UIM Policy limits.

68. On September 19, 2022, Defendant Essentia responded to Plaintiff Green's August 29, 2022, request for permission to accept the BI settlement offer by stating "Essentia is unable to respond to the Underinsured motorist bodily injury waiver."

69. As of the date of this filing, Defendant Essentia has neither offered nor tendered any compensation to Plaintiff Green for her injuries sustained in the Crash consistent with the Essentia UIM Policy.

70. As of the date of this filing, Defendant Essentia has not provided an initial evaluation of Plaintiff Green's bodily injury claims.

71. As of the date of this filing, Defendant Essentia has not made any "Fisher" payments.

72. Defendant Essentia delayed payment of $50,000 owed to Plaintiff Green.

73. As of the date of this filing, Essentia continues to delay payment to Plaintiff Green in UIM benefits that are contractually owed to her.

---

[1] Court of Appeals of Colorado opined Essentia's regular-use-exception within its UIM policy was not valid because it is contrary to Colorado law and ordered Essentia to extend benefits to its insured. *Hughes v. Essentia Ins. Co.*, 2022 COA 49, 516 P.3d 31.

74. As of the date of this filing, Defendant Essentia has also unreasonably denied Plaintiff Green's claim.

75. Defendant Essentia has unreasonably denied Plaintiff Green's claim by refusing to acknowledge the applicable Colorado law as set forth in *DeHerrera v. Sentry Ins. Co.,* 30 P.3d 167 (Colo. 2001), and its progeny, as well as the public policy of Colorado affirming UM/UIM benefits follow insureds/people.

76. Defendant Essentia acted and continues to act unreasonably by delaying and/or denying Plaintiff Green benefits to which she is entitled for her UIM claims to such a degree that Plaintiff Green was forced to file suit in an effort to obtain her paid-for and contracted-for UIM benefits to which she is entitled under the Essentia UIM Policy, thereby diluting her coverage due to the cost of filing suit and associated with hiring an attorney.

77. Upon information and belief, Defendant Essentia's continued denial and/or delays to pay UIM benefits owed to Plaintiff Green results, in whole or in part, from Defendant Essentia's unreasonable failure and/or refusal to properly train its claim handlers and other employees.

78. Upon information and belief, Defendant Essentia's continued denial and/or delays to pay UIM benefits owed to Plaintiff Green results from Defendant Essentia's unreasonable failure to properly supervise its claim handler and other employees.

79. Upon information and belief, Defendant Essentia's denial and/or delays in payment of UIM benefits owed to Plaintiff Green resulted from Defendant Essentia's failure and/or refusal to timely investigate Plaintiff Green's UIM claim and/or to seek from Plaintiff Green additional information it deemed necessary to properly evaluate her UIM claim and remit payment of UIM benefits to Plaintiff Green.

80. Upon information and belief, Defendant Essentia's denial and delays of UIM benefits owed to Plaintiff Green resulted from Defendant Essentia's unreasonable decision to overwork its claims handlers and other employees.

81. Upon information and belief, Defendant Essentia's denial and delays of UIM benefits owed to Plaintiff Green resulted from Defendant Essentia unreasonably incentivizing its claim handlers and other employees to pay out less than the evaluation range and/or reserve amount assigned to claims such as Plaintiff Green's UIM claim and/or deny coverage.

82. Said denials and/or delays lacked and continue to lack any reasonable basis.

83. Despite attempts by Plaintiff Green to secure an explanation from, or correction by, Defendant Essentia for its unreasonable and ongoing delays and/or denials, Defendant Essentia has failed and/or refused to provide Plaintiff Green any meaningful response or explanation consistent with the law of Colorado.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract to Provide Insurance Coverage)

84. Plaintiff Green incorporates by reference, as if fully written here, all other allegations contained in this Complaint.

85. At the time of the Crash, Plaintiff Green maintained insurance coverage, including Underinsured Motorists Bodily Injury of up to $50,000.00 each person. ("UIM Policy").

86. Defendant Essentia entered into a contract with Plaintiff Green to provide insurance coverage.

87. The Essentia UIM Policy number is 2P71429.

88. The Essentia UIM Policy is a valid and enforceable contract of insurance.

89. All of the promises comprising said contract are set forth within the UIM Policy.

90. Among other promises by Defendant Essentia in the UIM Policy, the UIM Policy requires Defendant Essentia to pay up to the total UIM Policy limits of $50,000.00 per person involved in the Crash with an Underinsured driver.

91. Defendant Essentia has failed to pay any sum up to $50,000.00 to Plaintiff Green under the Essentia UIM Policy.

92. Defendant Essentia failed to comply with the terms and conditions of the UIM Policy.

93. Plaintiff Green substantially performed her part of the contract set-forth within the Essentia UIM Policy.

94. Defendant Essentia breached the terms of the contract as set forth within the Essentia UIM Policy.

95. Defendant Essentia's specific performance of the contract set-forth within the Essentia UIM Policy is the only remedy that will place Plaintiff Green in the position she would have been in if Defendant Essentia had adequately performed its promises under the Essentia UIM Policy.

96. Accordingly, Plaintiff Green is entitled to Defendant's Essentia's specific performance of the contract as set forth within the UIM Policy.

97. Alternatively, Defendant Essentia's breach resulted in Plaintiff Green sustaining general and special damages.

## SECOND CLAIM FOR RELIEF
(**Unreasonable Delay or Denial of Insurance Benefits under C.R.S. §10-3-115(1)(a) and C.R.S. §10-3-1116(1)**)

98. Plaintiff Green incorporates by reference, as if fully written here, all other allegations contained in this Complaint.

99. Plaintiff Green's Damages exceeded the BI Policy limits.

100. Plaintiff Green's Damages exceeded the Farmer's UIM Policy limits.

101. Plaintiff Green's Damages exceeded the Essentia UIM Policy limits.

102. C.R.S. 10-3-1115(1) and (2) forbid insurers such as Defendant Essentia from unreasonably delaying or denying payment of a first-party claim for benefits owed to or on behalf of a first-party claimant.

103. Plaintiff Green is a first-party claimant under C.R.S. §10-3-1115(1)(A)(I).

104. Defendant Essentia is an entity engaged in the business of insurance.

105. Defendant Essentia delayed benefits due to Plaintiff Green.

106. Defendant Essentia's delay of payment lacked a reasonable basis.

107. Defendant Essentia denied benefits due to Plaintiff Green.

108. Defendant Essentia's denial of payment lacked a reasonable basis.

109. Defendant Essentia's acts and omissions violated C.R.S. § 10-3-1115(2).

110. Pursuant to C.R.S. §10-3-1116(1), Plaintiff Green is entitled to statutory damages of reasonable attorney fees, court costs, and two times the covered benefits (the "covered benefits" being $50,000.00), in addition to damages to which she is entitled pursuant to other claims.

## THIRD CLAIM FOR RELIEF
(**Common Law Bad Faith Breach of Insurance Contract**)

111. Plaintiff Green incorporates by reference, as if fully written here, all other allegations contained in this Complaint.

112. Defendant Essentia acted unreasonably in denying and delaying the payment of Plaintiff Green's claim for payment of benefits under the Essentia UIM Policy.

113. Upon information and belief, Defendant Essentia knew that its delays and denials were unreasonable.

114. Upon information and belief, Defendant Essentia recklessly disregarded the validity of Plaintiff Green's claim.

115. Defendant Essentia's unreasonable conduct directly and in a reasonably foreseeable manner caused Plaintiff Green to suffer economic and non-economic damages, including, but not limited to, suffering emotional distress while awaiting payment.

116. Plaintiff Green's UIM Policy with Defendant Essentia contained an implied covenant of good faith and fair dealing, which required Defendant Essentia to deal with Plaintiff Green fairly and honestly, and do nothing to impair, hinder or otherwise injure Plaintiff Green's rights to benefits under the Essentia UIM Policy.

117. Defendant Essentia breached that covenant by denying payment of benefits due to Plaintiff Green pursuant to the Essentia UIM Policy.

118. Defendant Essentia's denial of payment lacked a reasonable basis.

119. Defendant Essentia's delay of payment lacked a reasonable basis.

120. Defendant Essentia's acts and omissions described above fell below the applicable common law and industry standards of care, violated the duty of good faith and fair dealing, and constituted the tort of bad faith breach of insurance contract.

121. Defendant knew its acts and omissions were unreasonable and acted with a reckless disregard for Plaintiff Green's rights and interests.

122. Defendant Essentia breached its duty of good faith and fair dealing through the following unreasonable acts, among others:
    a. Depriving Plaintiff Green of the benefits and protections of the Essentia UIM Policy;
    b. Placing its own interests above those of Plaintiff Green;
    c. Failing to timely pay benefits owed to Plaintiff Green under the Essentia UIM Policy;
    d. Failing to conduct a reasonable and impartial investigation of the loss based upon all available information;
    e. Forcing Plaintiff Green to bring a lawsuit to recover benefits owed to her and/or to secure protections guaranteed to her under the Essentia UIM Policy; and
    f. Other conduct to be revealed during discovery.

123. Defendant Essentia's unreasonable conduct directly and in a reasonably foreseeable manner caused Plaintiff Green to suffer economic and non-economic damages, including, but not limited to, suffering emotional distress while awaiting payment.

## FOURTH CLAIM FOR RELIEF
### (Moratory Interest/Interest on Money Wrongfully Withheld
### Pursuant to C.R.S. §5-12-102(1)(a))

124. Plaintiff Green incorporates by reference, as if fully written here, all other allegations contained in this Complaint.

125. Defendant Essentia wrongfully withheld money from Plaintiff Green.

126. Upon information and belief, Defendant Essentia realized a gain and/or benefit by withholding said money from Plaintiff Green.

127. Plaintiff Green is therefore entitled to a rate of interest on the money wrongfully withheld by Defendant Essentia that fully recognizes the gain realized by Defendant Essentia from the date of wrongful withholding to the date of payment or to the date of judgment is entered, as she will elect at a later date.

## DAMAGES

128. Plaintiff Green incorporates by reference, as if fully written here, all other allegations contained in this Complaint.

129. As a direct and proximate cause of Underinsured's negligence, Plaintiff Green has suffered physical pain and suffering in the past.

130. As a direct and proximate cause of the Underinsured's negligence, Plaintiff Green will suffer physical pain and suffering in the future.

131. As a direct and proximate cause of the Underinsured's negligence, Plaintiff Green has suffered mental anguish in the past.

132. As a direct and proximate cause of the Underinsured's negligence, Plaintiff Green will suffer mental anguish in the future.

133. As a direct and proximate cause of the Underinsured's negligence, Plaintiff Green has suffered physical impairment in the past.

134. As a direct and proximate cause of the Underinsured's negligence, Plaintiff Green will suffer physical impairment in the future.

135. As a direct and proximate cause of the Underinsured's negligence, Plaintiff Green has incurred reasonable and necessary medical expenses for her care in the past.

136. As a direct and proximate cause of the Underinsured's negligence, Plaintiff Green will incur reasonable and necessary medical expenses for her care in the future.

137. As a direct and proximate cause of the Underinsured's negligence, Plaintiff Green has incurred lost wages in the past.

138. As a direct and proximate cause of the Underinsured's negligence, Plaintiff Green will incur lost wages in the future.

139. As a direct and proximate cause of the Underinsured's negligence, Plaintiff Green has incurred a loss of earning capacity in the past.

140. As a direct and proximate cause of the Underinsured's negligence, Plaintiff Green will incur a loss of earning capacity in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Green requests judgment be entered in her favor and against Defendant Essentia for all available relief, including without limitation, economic damages, non-economic damages, and damages for physical impairment as well as interest, costs, expert witness fees, and attorney's fees, and such other relief as this Court deems proper.

## DEMAND FOR TRIAL BY JURY PURSUANT TO C.R.C.P. 38(b)

Plaintiff Green respectfully demands a jury trial by a jury of six (6) persons on all issues so triable.

DATED this 24TH day of July, 2023.

BRYLAK & ASSOCIATES, LLC
**Duly Signed Original at the Offices of Brylak & Associates, LLC**

**/S/ S. Ryan Greenwood**
S. Ryan Greenwood, No. 56028
Jason Landress, No. 40956
*Attorneys for Plaintiff*

Plaintiff's Address
1340 Horseshoe Drive
Pueblo, CO  81001